UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00182 ERW |
| ) | |
| A & M INVESTMENTS, LLC, ) | |
| d/b/a Rolla Family Clinic, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's First Motion to Compel Deposition Testimony of Plaintiff [ECF No. 49], Defendant's First Motion to Compel Discovery or Motion to Dismiss [ECF No. 51], Defendant's First Motion to Dismiss Case or for Protective Order [ECF No. 53], and Motion for Extension of Time to Complete Discovery Deadlines by Defendant [ECF No. 59].

**I.     PROCEDURAL BACKGROUND**

On February 1, 2012, Plaintiff Connie Steelman ("Plaintiff") filed a Complaint, asserting a single cause of action under Title III of the American with Disabilities Act ("ADA") against Defendant A & M Investments, LLC, ("Defendant"). On October 16, 2012, the Court entered a Case Management Order ("CMO"), providing, *inter alia*, that Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than December 14, 2012, and shall make expert witnesses available for depositions, and have depositions completed no later than February 1, 2013.  [ECF No 37, at ¶ I(3)(b)].  The CMO also specified that all discovery shall be completed no later than May 10, 2013.  *Id.* at ¶ I(3)(f).

On January 30, 2013, upon the motion of Defendant, this Court ordered that Plaintiff comply with discovery obligations – in particular, that Plaintiff would 1) provide reports required under Rule 26(a)(2) as to Plaintiff's expert, Thomas Ricci, no later than February 15, 2013; and 2) make expert witnesses available for deposition, and have depositions completed no later than March 15, 2013. [ECF No. 46]. The Court also stated that failure to comply with the order may result in sanctions under Fed. R. Civ. P. 37(c)(1). *Id.* Defendant, alleging the failure of Plaintiff to comply with the Court's as to Mr. Ricci, requested that the Court dismiss the action in its entirety for failure to prosecute, or in the alternative, to issue a protective order, prohibiting Mr. Ricci from being a witness at trial. [ECF No. 53].

On March 12, 2013, Plaintiff gave notice to the Court that she would be unavailable for deposition until late May of 2013, as she is unable to travel to this jurisdiction due to the inclement weather and her disability [ECF No. 48]. In response, on March 13, 2013, Defendant moved the Court to order Plaintiff to appear for her deposition prior to the discovery deadline of May 10, 2013 [ECF No. 49]. At that time, Defendant filed an additional motion [ECF No. 51] seeking that the Court issue an order, compelling Plaintiff to fully answer Defendant's Interrogatories and Request for Production of Documents as required by Rules 33 and 34. *Id.* In the alternative, Defendant requested that Plaintiff's case be dismissed for failure to prosecute or comply with a court order. *Id.*

On March 28, 2013, the Court ordered the Plaintiff to Show Cause [ECF No. 56] why Defendant's pending motions [ECF Nos. 49, 51, and 53] should not be granted. The Order stated that Plaintiff's failure to respond may result in dismissal of her claims. [ECF No. 56]. On April 1, 2013, Plaintiff filed a timely response [ECF No. 57], but did not address Defendant's Motions and various arguments to compel discovery, impose sanctions under Rule 37, and to dismiss the

action. Instead, Plaintiff merely recited violations of the ADA previously set forth in her Complaint, supplemented by photos.[1] *Id.*

On April 5, 2013, Defendant filed an additional Motion [ECF No. 59], seeking that the Court issue an order extending Defendant's deadline for compliance with Rule 26(a)(1), regarding identification and production of expert witnesses.

## II. DISCUSSION

Defendant has filed several Motions to compel Plaintiff to comply with discovery obligations, or in the alternative, to dismiss the action for failure to prosecute. As previously noted, the CMO issued by the Court required Plaintiff to disclose all expert witnesses, and provide reports as required under Rule 26(a)(2)(A) no later than December 14, 2012.[2] Then, upon Defendant's Motion, this Court ordered Plaintiff to 1) provide reports required under Rule 26(a)(2) as to Plaintiff's disclosed expert, Thomas Ricci, no later than February 15, 2013; and 2) make expert witnesses available for deposition, and have depositions completed no later than

---

[1] In another Title III case brought by Plaintiff, alleging ADA violations, Plaintiff filed a similar response with this Court when ordered to show cause as to why defendant Sonic Drive-In of Salem's Motion to Compel or Dismiss should not be granted. The Court found that Plaintiff's subsequent response did not address Sonic's motion, but similar to Plaintiff's response here, merely added details to her original allegations in her complaint. The Court found the response to be a part of Plaintiff's persistent pattern of delay, and subsequently dismissed the case when Plaintiff failed to comply with a Court order compelling discovery. *See Steelman v. Sonic Drive-In,* No. 4:12CV00312ERW [ECF Nos. 40, 49].

[2] (2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(A), (B).

3

March 15, 2013. [ECF No. 46]. The Court also stated in its order that Plaintiff's failure to make the disclosures could result in Rule 37(c)(1) sanctions.[3] The sanctions listed under 37(c)(1) include the orders enumerated under 37(b)(2)(A)(i)-(vi).[4] Notably, 37(b)(2)(A)(v) states that the Court may dismiss the action or proceeding in whole or in part. Defendant alleges that Plaintiff failed to comply with this Court's March 15, 2013 Order, as it has not received the report of any expert, including Thomas Ricci. Defendant, therefore, asks the Court to dismiss the action in its entirety, or, alternately, to issue a protective order under Rule 26(c). Plaintiff, in her Response to the Court's Order to Show Cause, does not dispute Defendant's allegation that she failed to comply with the Court's Order.

---

[3] (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
**(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)**. Fed. R. Civ. P. 37(c)(1) (emphasis added).

[4] (2) Sanctions in the District Where the Action Is Pending.
(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
**(v) dismissing the action or proceeding in whole or in part**;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (emphasis added).

Defendant also alleges that Plaintiff has further failed to cooperate with discovery and seeks an order to compel Plaintiff's deposition. [ECF No. 49]. Plaintiff filed a notice with the Court [ECF No. 48] declaring that she is unable to travel to the "Northern geographical area" until late May for her deposition. It is undisputed that Defendant informed Plaintiff, that in order for Defendant to comply with the Court's discovery deadline of May 10, 2013[5], Defendant cannot wait until May 28 or 29, 2013, to take Plaintiff's deposition. Defendant argues that Plaintiff chose to file suit in this forum, and therefore, should be held responsible for prosecuting her litigation in this jurisdiction. [ECF No. 49, at ¶ 7]. Furthermore, Defendant contends that it would be unfairly prejudiced by the expense of traveling to Florida to take Plaintiff's deposition. *Id.*

In addition to Plaintiff's deposition, Defendant seeks to compel Plaintiff to fully answer Defendant's Interrogatories and Request for Production in accordance with Rules 33(b)(2) and 34(b)(2). [ECF No. 51]. Defendant contends that it has attempted on numerous occasions to obtain Plaintiff's completed discovery responses.[6] *Id.* According to Defendant, Plaintiff's discovery responses have been untimely, incomplete, non-responsive, and mostly unverified. *Id.* at ¶¶ 7-11. Further, Defendant maintains that Plaintiff has not objected to any discovery served to her. *Id.* at 10. Defendant seeks to have the Court issue an order compelling discovery and awarding fees, or alternately, dismissing the case with prejudice for failure to prosecute and comply with a court order. *Id.* at 6-7. As already noted, Plaintiff, although ordered to show

---

[5]The discovery deadline in the CMO is May 10, 2013. [ECF No. 37, at ¶ I(3)(f)].

[6]Defendant attached emails and confirmatory memorandum of phone calls which support Defendant's contention that it has communicated with Plaintiff in an attempt to obtain her discovery compliance regarding the Interrogatories and Request for Production. *See* ECF No. 51, Exhibits A–E.

cause by this Court, has failed to respond to Defendant's Motions, nor has she disputed her alleged failure to comply with Rules 33 and 34.

District courts have inherent power to dismiss a case for failure to prosecute. *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (citing *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)). The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "Dismissals with prejudice are drastic and extremely harsh sanctions. Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Miller*, 51 F.3d at 168 (quoting *Sterling,* 985 F.2d at 412); *See also Arnold v. ADT Sec. Serv. Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where plaintiff acted with a "persistent pattern of delay and failure to comply" with court orders, and court had previously "attempted to address plaintiff's conduct through less severe sanctions and warned plaintiff of possibility of dismissal"). In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that [the] litigant acted deliberately rather than accidentally, and need not find bad faith." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).

Here, Plaintiff has been warned by the Court that her failure to participate in discovery could result in sanctions such as dismissal. [ECF No. 46, 56]. Plaintiff, although ordered to show cause by this Court, did not respond to allegations in Defendant's Motions that she failed to comply with the Court's Order of January 30, 2013, and produce the expert report of her expert, Thomas Ricci; nor does she dispute Defendant's allegation that she has provided incomplete

6

discovery responses to Defendant's Interrogatories and Request for Production. Furthermore, Plaintiff has put the Court on notice that she will not make herself available to be deposed until after the Court's May 10, 2013 discovery deadline in the CMO has passed. In the Court's Order to Show Cause, Plaintiff was informed that failure to respond could result in dismissal of the action. Plaintiff's response realleged claims made in her complaint, but was non-responsive to the Motions to dismiss pending before the Court. Therefore, the Court finds it appropriate to grant Defendant's Motions [ECF Nos. 51, 53] to dismiss this case with prejudice due to Plaintiff's persistent pattern of delay and deliberate failure prosecute her case or comply with Court deadlines and orders.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute [ECF Nos. 51, 53] is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Deposition [ECF No. 49] and Motion to Extend Defendant's Discovery Deadlines [ECF No. 59] are **DENIED** as Moot.

Defendant has 21 days after entry of final judgment pursuant to Fed. R. Civ. P. 58 to file a motion for attorney's fees. Failure to file a motion within the time provided may constitute a waiver of attorney's fees.

Dated this   11th   day of April, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE